UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EVER R.I.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-6244-TLN-JDP

A# 246-656-483

**RELEASE ORDER**

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 24, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 9.) Respondents has filed objections to the findings and recommendations (ECF No. 12) and they have been considered by the undersigned.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 24, 2026 (ECF No. 9) are ADOPTED in full and as set forth below.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondents must IMMEDIATELY RELEASE Petitioner Ever R.I. (A# 246-656-483) from custody on the same conditions as his prior release. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. Respondents shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents show by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: August 31, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE